FILED
 2013 Dec-10  PM 04:27
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOHN NUNNELEE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:11-CV-2039-VEH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION.**

This property damage action was brought against the United States under the Federal Tort Claims Act. (Doc. 1). The action is now before the court on Plaintiff's Rule 59(e) Motion To Alter or Amend the September 26, 2013 Judgment (Motion, doc. 42; Judgment, doc. 41). The Motion challenges the court's decision to dismiss this action without prejudice on the basis that Plaintiff lacks standing to assert the claims made. (Memorandum Opinion, doc. 40; Judgment of Dismissal, doc. 41). Defendant has opposed the Motion (doc. 45), and Plaintiff has replied (doc. 47). Therefore, the Motion is now under submission. For the reasons explained below, the Motion is **DENIED**.

## II. STANDARD

The standards governing Rule 59(e) motions are straightforward:

> [The Eleventh Circuit] review[s] the denial of a Rule 59 motion for abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

## III. ANALYSIS

In his Motion, Plaintiff asks this court to "alter or amend its Order on the issue of [Plaintiff's] standing to bring this action, deny [Defendant's] Motion to Dismiss, and enter an order to stay the Court's decision on [Plaintiff's] standing until resolution of issues pertinent to such determination in Alabama state court." (Doc. 42, p.1). Plaintiff also "asks the Court to reconsider its ruling on his standing to bring a claim against [Defendant] for negligence regardless of [Plaintiff's] legal interest in the real property." (*Id.*). Plaintiff argues, in support of his Motion:

1. That he does have "'some separate type of cognizable right to the possession of the property beyond merely continuing to reside there after the death of the owner.'" (*Id.*, p. 2., quoting Memorandum Opinion, doc. 40; *see also* Motion, ¶¶ 1

2

through 5).  Plaintiff's "cognizable right" argument is based on the fact that Plaintiff "is a party to a currently-pending lawsuit in Alabama state court where the validity of that right will be determined." However, this argument fails to meet the Rule 59(e) standard, as it presents neither "newly-discovered evidence [n]or manifest errors of law or fact." *Arthur v. King*, 500 F.3d at 1343.

      2.     That the court was wrong when it found that, absent a "cognizable right," Plaintiff lacks standing.  (Motion, ¶¶ 6 through 8).  However, this argument also fails to meet the Rule 59(e) standard.[1]

## IV.   CONCLUSION

For the reasons set forth above, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 10th day of December, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[1] Plaintiff does not cite any authority in support of either argument, either in his Motion (doc. 42) or in his Reply Brief (doc. 47).  The court is not obligated to consider such an undeveloped argument.  *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).